Case 1:11-cv-04019-RMB-KNF   Document 20   Filed 06/26/12   Page 1 of 3

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/26/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GUANGHONG INTERNATIONAL (H.K.) LTD,

                    Plaintiff,

      -against-

ULTIMATE FINANCIAL SOLUTIONS LLC
and RONGCHANG YU,

                    Defendants.
------------------------------------------------------------X

11 Civ. 4019 (RMB) (KNF)

**DECISION & ORDER**

I.   **Background**

On March 26, 2012, United States Magistrate Judge Kevin N. Fox, to whom this matter had been referred, issued a thorough Report and Recommendation ("Report") recommending that the Court award no damages to Guanghong International (H.K.) Ltd. ("Plaintiff") with respect to the default judgment entered against Rongchang Yu ("Defendant" or "Yu") on October 25, 2011 for breach of contract. (Report at 11.)[1] At the inquest before Judge Fox, Plaintiff sought from Yu $8,000 in legal fees and $4,985 in "commissions" that Ultimate Financial allegedly had withheld. (Pl. Inquest Mem., filed Dec. 13, 2011, at 3.)

Judge Fox recommended that the Court award Plaintiff no damages because, among other reasons, (1) the legal fees and commissions which Plaintiff sought to obtain from Yu at the inquest stage "differ in kind" from the damages that Plaintiff sought from in its original Complaint; (2) Plaintiff failed to prove its damages at inquest "with reasonable certainty"; and

---

[1] By Stipulation of Dismissal, dated September 8, 2011, co-defendant Ultimate Financial Solutions LLC ("Ultimate Financial") was voluntarily dismissed from this action based upon a settlement ("Settlement") between Plaintiff and Ultimate Financial. (See Stip. of Dismissal, dated Sept. 8, 2011.)

(3) "even assuming that [Plaintiff] is entitled to damages, it is not entitled to prejudgment interest on the damages awarded pursuant to a judgment by default." (Report at 7–10.)

The Report advised that "the parties shall have fourteen (14) days from service of this Report to file written objections." (Report at 11.)  To date, neither party has filed any objections.

**For the reasons stated below, the Court adopts the Report in its entirety.**

## II.     Legal Standard

The Court may adopt those portions of a magistrate judge's report to which no objections have been made and which are not clearly erroneous.  See Fed. R. Civ. P. 72(b).  A district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations of a magistrate judge." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b).

"Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999).  "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).  The Court must "establish damages with reasonable certainty." Transatlantic Marine Claims Agency, Inc., et. al. v. Ace Shipping Corp., Division of Ace Young Inc., 109 F.3d 105, 111 (2d Cir. 1997).

## III.    Analysis

Having conducted a review of the Report and applicable legal authorities, the Court finds that the Report is not clearly erroneous.  See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).  The facts set forth in the Report are incorporated herein by reference unless otherwise noted.

Judge Fox concluded that Plaintiff could not claim damages for Ultimate Financial's legal fees and commissions because Plaintiff's Complaint sought damages from Yu "in the form of loss of use of the funds as well as in the form of fees and expenses in conducting litigation against third parties." (Compl., dated June 14, 2011, ¶ 16; see Report at 7); Silge v. Merz, 510 F.3d 157, 160 (2d Cir. 2007). Judge Fox also found that Plaintiff did not explain "the basis for the requested fees," and that Plaintiff's evidence contained "internal inconsistencies," was "inconsistent with [Plaintiff's] proposed findings of fact," and contained no invoices to establish damages with reasonable certainty. (Report at 8–10); see Credit Lyonnais, 183 F.3d at 154–55.

And, even if Plaintiff were entitled to damages, "[s]ince [Plaintiff's] complaint did not include a demand for prejudgment interest, the conventional additional demand for 'such other, further and additional relief as to this Court may be just and proper under the circumstances,' does not constitute a demand for prejudgment interest." (Report at 10 (citing Silge, 510 F.3d at 160).)

## IV. Conclusion & Order

For the reasons state herein and therein, the Court adopts the Report [#19] in its entirety. The Clerk of the Court is respectfully requested to close this case.

Dated: New York, New York
       June 26, 2012

_____
RICHARD M. BERMAN, U.S.D.J.

3